UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NICHOLAS SERAFIS,<br><br>                  Debtor, | **Chapter 7**<br><br>**Bankruptcy Case No.**<br>**18-40120-cec** |
| VALENTE GARCIA, FRANKLYN PEREZ, DELFINO TLACOPILCO, MIGUEL ROMERO LARA, MIGUEL BOTELLO GONZAGA, JESUS DELGADO, JUSTINO GARCIA, and LUIS MAGAÑA,<br><br>                  Plaintiffs,<br><br>v.<br><br>NICHOLAS SERAFIS,<br><br>                  Defendant. | **Adversary Proceeding**<br>**No.**<br><br><br>**COMPLAINT**<br>**OBJECTING TO**<br>**DISCHARGEABAILITY**<br>**OF DEBT** |
| ALBERTO NIETO,<br><br>                  Plaintiff,<br><br>v.<br><br>NICHOLAS SERAFIS,<br><br>                  Defendant. | |

Valente Garcia, Franklyn Perez, Delfino Tlacopilco, Miguel Romero Lara, Miguel Botello Gonzaga, Jesus Delgado, Justino Garcia, Luis Magaña, and Alberto Nieto ("Plaintiffs-Creditors"), are plaintiffs in two pre-petition suits commenced in the United States District Court for the Southern District of New York pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA") and the New York Labor Law § 190, *et*

*seq.* ("NYLL"), against, among others, Nicholas Serafis ("Serafis," or "Debtor"). Plaintiffs-Creditors, by and through their attorneys, Pechman Law Group PLLC, commence this adversary proceeding (the "Adversary Proceeding") against Debtor seeking a judgment that the claims asserted against Debtor by Plaintiffs-Creditor are non-dischargeable pursuant to sections 523(a)(6) of title 11 of the United States Code (the "Bankruptcy Code"), and as grounds for such non-dischargability, allege, based upon information and belief, as follows:

1. On January 10, 2018 (the "Petition Date"), the Debtor filed a voluntary Petition for relief under chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* in the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), Case Number 18-40120 (the "Bankruptcy Case").

2. Plaintiffs-Creditors are former waiters, bussers, countermen, dishwashers, and delivery persons who worked Waverly Restaurant, a diner located at 385 6th Avenue, New York, New York 10014.

3. On August 11, 2015, Plaintiffs-Creditors Valente Garcia, Franklyn Perez, Delfino Tlacopilco, Miguel Romero Lara, Miguel Botello Gonzaga, Jesus Delgado, Justino Garcia, and Luis Magaña commenced an action captioned *Garcia, et al. v. Village Red Restaurant Corp.,et al* 15 Civ. 06292 (S.D.N.Y.), pursuant to the FLSA and NYLL (the "*Garcia* Action").

4. On March 21, 2017, Plaintiff-Creditor Alberto Nieto commenced an action captioned *Alberto Nieto v. Village Red Restaurant Corp. d.b/a Waverly Restaurant, 135 Waverly Realty LLC, Christine Serafis, and Nicholas Serafis*, 17 Civ. 02037 (S.D.N.Y.), pursuant to the FLSA and NYLL (the "*Nieto* Action").

5. The claims asserted against Debtor by Plaintiffs-Creditors in the *Garcia* and *Nieto* suits are non-dischargeable pursuant to sections 523(a)(2)(A) and 523(a)(6), of the

Bankruptcy Code. Debtor and the other defendants in the *Garcia* and *Nieto* suits hid from Plaintiffs-Creditors their rights under federal and New York State labor law. Aware of the obligations of federal and New York State minimum wage and overtime laws, Debtor along with the other defendants in the *Garcia* and *Nieto* suits, willfully and maliciously injured Plaintiffs-Creditors by seeking to profit from employing Plaintiffs-Creditors at wages below the statutorily-mandated federal and state minimums.

6. At the summary judgment stage, the Court in the *Garcia* Action determined that the Plaintiffs-Creditors established that Debtor, together with the other Defendants, were liable for his violation of the minimum wage and overtime pay provisions, spread-of-hours pay provision, unlawful deduction provision, and wage statement and notice provisions of the FLSA and NYLL and liable to the *Garcia* Plaintiffs for unpaid wages, liquidated damages, interest, attorney's fees.

7. The Court ordered that the amount of damages due to the *Garcia* Plaintiffs be determined at trial, and a four-day bench trial was held on February 26 through March 2, 2018, regarding the number of compensable hours worked and amount of pay received by Plaintiffs-Creditors while working for Defendants.

8. On April 6, 2018, Village Red Restaurant Corp., the entity that owned and operated the Waverly Restaurant, filed for Chapter 11 Bankruptcy protection and on April 10, 2018, the Honorable Judge Lehrburger entered a stay of proceedings in *Garcia* and *Nieto*.

9. Debtor willfully and maliciously injured the Creditor-Plaintiffs by denying them minimum wage and overtime pay in violation of the FLSA and NYLL, in addition to other willful and malicious violations of the NYLL.

## JURISDICTION AND VENUE

10. This Court has jurisdiction of this adversary proceeding pursuant to, *inter alia*, 11 U.S.C. § 1334, Federal Rules of Bankruptcy Procedure 4004(a), 4007 and 7001(6), and 11 U.S.C. §§ 523 and 105(a). This adversary proceeding is a core proceeding under 28 U.S.C. § 157(2)(i).

11. As of the date of this Complaint the Debtor has not been granted a discharge.

12. This Complaint is timely because the deadline to object to the Debtor's discharge or to determine dischargeability of a debt expires on April 10, 2018.

13. Venue of this adversary proceeding in this judicial district is appropriate pursuant to 28 U.S.C. § 1409(a), as this proceeding arises in or is related to a case arising under Title 11, which is presently venued in this district as set forth above.

14. Pursuant to Fed. R. Bankr. Proc. 7008(a), Plaintiffs-Creditors state that this Adversary Proceeding relates to Bankruptcy Case No. 1-18-40120-cec, which was filed as a chapter 7 case by the Debtor on January 10, 2018.

## THE PARTIES

**Plaintiffs-Creditors**

15. Plaintiff-Creditor Valente Garcia worked for Creditor at the Waverly Restaurant from 1992 to March 2015, except for the period between July 2011 and around November 2011.

16. Plaintiff-Creditor Jesus Delgado worked for Creditor at the Waverly Restaurant from 2006 to October 2015, except for the period between July 2011 and mid-December 2011 when Waverly Restaurant was closed for renovations.

17. Plaintiff-Creditor Justino Garcia worked for Creditor at the Waverly Restaurant from May 1987 to October 13, 2015.

18. Plaintiff-Creditor Luis Magaña worked for Creditor at the Waverly Restaurant from October 2012 to mid-August 2015.

19. Plaintiff-Creditor Delfino Tlacopilco worked for Creditor at the Waverly Restaurant from 1996 to approximately 2000 or 2001, and from 2002 to September 2014, except for the renovations period from July 2011 to mid-December 2011.

20. Plaintiff-Creditor Miguel Romero Lara worked for Creditor at the Waverly Restaurant from 1990 to October 15, 2015, except during Waverly Restaurant's renovations between July 2011 and mid-December 2011.

21. Plaintiff-Creditor Miguel Botello Gonzaga worked for Creditor at the Waverly Restaurant from 2004 to October 31, 2015, except during Waverly Restaurant's renovations between July 2011 and mid-December 2011, and a month-long period in late 2015.

22. Plaintiff-Creditor Franklyn Perez worked for Creditor from December 2011 through June 2012, and then again from October 1, 2014 through June 27, 2015.

23. Plaintiff-Creditor Alberto Nieto worked for Creditor from 2001 to 2006, and again from 2009 to 2016, except during Waverly Restaurant's renovations between July 2011 and mid-December 2011.

24. Plaintiffs-Creditors Valente Garcia, Jesus Delgado, Justino Garcia, Delfino Tlacopilco, and Alberto Nieto reside in Queens, New York.

25. Plaintiff-Creditor Magaña resides in New York, New York.

26. Plaintiffs-Creditor Perez resides in Texas.

**Debtor**

27. Defendant is the debtor in the Chapter 7 bankruptcy case.

28. According to documents filed in the Bankruptcy Case, Defendant is an adult individual maintaining an address at 73-20 31st Avenue, East Elmhurst, NY 11370.

29. Debtor is a manager of Village Red Restaurant Corp. d/b/a Waverly Restaurant.

30. At all times material herein, Debtor had the authority to hire and fire employees, set employees' wages and schedules, and established and exercised authority regarding the pay practices at Waverly Restaurant.

31. According to his affidavit dated January 26, 2017, and filed in the *Garcia* Action, Debtor has "managed all the day to day operations of the Restaurant from 2003 to the present. In fact, [he] has been in control of every aspect of the business whatsoever." *See Garcia*, 15 Civ. 06292 (S.D.N.Y.), ECF No. 40.

32. Debtor is responsible for determining the pay of the employees at the Waverly Restaurant.

33. Debtor maintains employment payroll records in his office, located in the basement of the Waverly Restaurant.

34. In *Garcia*, it has been concluded by the Court and admitted by Debtor that Debtor is an employer within the meaning of the FLSA and NYLL.

35. Debtor affirmed on the Payment Advice Cover Sheet, filed in this matter, that he "has not been employed by any employer within the 60 days before the date of the filing of the petition." *see* ECF No. 4. However, at the bench trial conducted in the *Garcia* Action in February and March 2018, John Captan ("Captan"), the manager of the Waverly Restaurant, testified that he reports to Serafis. Captan also testified that that Serafis maintains the authority to hire employees, determine their rate of pay, work schedules, and issue employees their pay.

36. As of November 2016, Serafis received $500 in cash wages per week from Waverly Restaurant.

37. Serafis's weekly salary is not reported on the NYS-45, Quarterly Combined Withholding, Wage Reporting, and Unemployment Insurance Return for Village Red Restaurant Corp. from July 2009 to December 2015.

## FACTUAL BACKGROUND

38. Village Red Restaurant Corp. d/b/a Waverly Restaurant is a New York limited liability company that owned and operated Waverly Restaurant since 2003.

39. Plaintiffs-Creditors were subjected to a litany of violations of federal and New York state labor laws.

40. The *Garcia* and *Nieto* Actions were filed against Village Red Restaurant Corp. and Serafis, and allege that all defendants willfully and maliciously failed to pay Plaintiffs-Creditors minimum and overtime wages and other monies, as required by the FLSA and NYLL.

41. A true copy of the *Garcia* Complaint is annexed hereto as Exhibit A, and a true copy of the *Nieto* Amended Complaint is annexed hereto as Exhibit B.

42. Plaintiffs-Creditors incorporate by reference herein all allegations of the *Garcia* Complaint and *Nieto* Amended Complaint.

43. Plaintiffs-Creditors alleged in the *Garcia* and *Neito* Actions that Waverly Restaurant and Nicholas Serafis willfully violated the NYLL and FLSA by knowingly and intentionally failing to pay its employees minimum hourly wages, overtime pay, and spread of hours pay; failing to provide wage statements and wage notices as required by the FLSA and the NYLL.

7

## DEBTOR'S WILLFUL FAILURE TO PAY MINIMUM WAGES, OVERTIME PAY, AND SPREAD-OF-HOURS PAY

44. Plaintiffs-Creditors were consistently required to work in excess of forty hours per week and were paid either a daily rate or a weekly salary, regardless of the number of hours worked per workday.

45. The weekly salaries paid to Plaintiffs-Creditors Miguel Romero Lara, Valente Garcia, Jesus Delgado, Justino Garcia, Luis Magaña, and Miguel Botello Gonzaga failed to satisfy the minimum wage requirements under the FLSA and NYLL.

46. During the relevant period, Plaintiffs-Creditors Valente Garcia, Jesus Delgado, Justino Garcia, Luis Magaña worked as servers, between approximately five and seven days per week, for approximately sixty to seventy weekly hours, and received $20 per day.

47. During the relevant period, Plaintiff-Creditor Franklyn Perez worked as a dishwasher, six days per week, for approximately sixty hours per week and received between $420 to $480 per workweek.

48. During the relevant period, Plaintiff-Creditor Delfino Tlacopilco worked as counterman, six days per week, for approximately sixty hours per week, and received between $510 and $590 per workweek.

49. During the relevant period, Plaintiff-Creditor Miguel Botello Gonzaga worked as a busboy, six to seven days per week, for between fifty-four and seventy-seven hours per week, and was generally paid $25 per day.

50. During the relevant period, Plaintiff-Creditor Miguel Romero Lara worked as a delivery person, six to seven days a week, for approximately seventy-two hours per week, and was paid between $25 to $35 per day.

51. During the relevant period, Plaintiff-Creditor Alberto Nieto worked as a grillman, Nieto worked six days a week, for approximately sixty hours per week, and received between $680 to $900 per workweek.

52. Prior to 2016, Debtor paid the Plaintiffs-Creditors without providing accurate wage statements and failed to provide wage notices upon the restaurant's reopening in 2011, or whenever Plaintiffs-Creditors' rate of pay changed.

53. Debtor required Plaintiff-Creditor Miguel Romero Lara to purchase tools of the trade, and failed to reimburse him.

54. Plaintiffs seek compensation for unpaid minimum wage and overtime pay, unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## DEBTOR'S AWARENESS OF THE LABOR LAWS

55. Debtor testified that prior to the filing of the *Garcia* lawsuit he learned of the legal requirements as to how much to pay employees from his former accountant Van Siskos, *i.e.* "how much per hour, how much overtime." Notwithstanding, he paid his workers a weekly rate.

56. In 2012, Debtor directed Angela Captan, an administrative employee of Waverly Restaurant, to prepare payroll records for all employees of the Waverly.

57. Angela Captan testified in the *Garcia* Action that in 2012, Debtor told her how much the employees should be paid, and that she consulted with accountant, Phillip Kalyvas, on how to calculate each employees' regular rate, overtime rate, spread-of-hours pay, tip credit, meal credit and net pay.

58. Angela Captan testified that on a weekly basis she created payroll records detailing each employees' rate of pay, including minimum rates and overtime pay, and that Debtor "always" reviewed the payroll sheets she prepared.

9

59. Starting in 2012, and continuing until 2015, Debtor required Plaintiffs-Creditors to sign the payroll sheets created by Angela Captan in order to receive their weekly wages.

60. Although Debtor directed Angela Captan to create payroll sheets containing minimum wage rates, overtime pay, and spread of hours pay, and required Plaintiffs-Creditors to sign them, Debtor did not pay the Plaintiffs-Creditors the net pay listed in the payroll sheets.

61. Rather, Debtor paid the Plaintiffs-Creditors fixed daily rates regardless of the hours they worked each day in violation of the FLSA and NYLL.

62. Serafis testified at his deposition that he did not consider the minimum wage when he paid the Plaintiffs-Creditors who worked as servers a daily rate.

63. For the years 2014 and 2015, Debtor devised a methodology whereby he directed Captan to record the daily and weekly fixed rates actually paid to the employees of Waverly Restaurant in a ledger known as the "Red Book."

64. Debtor and Captan testified inconsistently in the *Garcia* trial, first stating that they did not pay overtime pay upon Plaintiffs' request in or about 2006, and then that they had failed to pay them overtime pay prior to 2006.

65. After receiving the *Garcia* lawsuit, Defendants continued to pay Plaintiffs who remained working at Waverly based upon a daily, straight-time, or undetermined rate.

66. Debtor's failure to pay Plaintiffs-Creditors properly in accordance with the FLSA and NYLL, caused used a willful and malicious injury to Plaintiffs-Creditors such that the debt remains owed by debtor to Plaintiffs-Creditors. Pursuant to 11 U.S.C. § 523(a)(6), Debtor is not entitled to a discharge of such debt.

## FIRST CAUSE OF ACTION
### (Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))

67. Plaintiffs-Creditors repeat and reallege all paragraphs above as though fully set forth herein.

68. Section 523(a)(6) of the Bankruptcy Code provides that "a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt . . . for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained, by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

69. Debtor obtained services from Plaintiffs-Creditors though, among other things, (a) willfully circumventing minimum wage, overtime laws, spread-of-hours laws, tools-of-the-trade; (b) willfully deducting from Plaintiffs-Creditors wages; (c) willfully falsifying payroll records by reporting incorrect hours, and pay received worked; and (d) willfully failing to provide annual wage statements and wage notices.

70. Debtor intended to deceive Plaintiffs-Creditors with his misstatements and omissions. Plaintiffs-Creditors justifiably relied on Debtor's misstatements and omissions and were damages as a proximate result thereof by being deprived of the legal wages for their services.

71. As such, Debtor obtained services from Plaintiffs-Creditors by false pretenses, false representations or actual fraud and therefore, the claims asserted against the Debtor by Plaintiffs-Creditors in *Garcia* and *Nieto* Actions were not dischargeable in bankruptcy pursuant to section 523(a)(2)(A) of the Bankruptcy code.

11

## SECOND CAUSE OF ACTION
### (Non-Dischargeability of Debt Pursuant to 11 U.S.C. § 523(A)(6))

72. Plaintiffs-Creditors repeat and reallege all paragraphs above as though fully set forth herein.

73. Plaintiffs-Creditors were employed by the Debtor as employees at Waverly Restaurant.

74. Debtor has willfully injured Plaintiffs-Creditors by seeking to profit by employing them at wages below the statutorily-mandated federal and New York state wages. Among other things, Debtor has willfully violated labor laws by failing to pay the minimum and overtime wages, as required by the FLSA and NYLL.

75. Debtor has acted willfully and maliciously because with awareness of the obligations of the federal and New York state wage laws he failed to pay minimum wage and overtime pay, spread-of-hours pay, made unlawful deductions from wages, and failed to provide Plaintiffs-Creditors with wage statements and wage notices.

76. Debtor's failure to pay Plaintiffs-Creditors their wages in accordance with the FLSA and NYLL was an intentional and wrongful act which caused injury in the form of back pay. Debtor's failure to pay Plaintiffs-Creditors in accordance with FLSA and NYLL was done without just cause or excuse.

77. Debtor's failure to pay Plaintiffs-Creditors the monies owed to them caused them a willful and malicious injury. Therefore, pursuant to 11 U.S.C. § 523(a)(6), Debtor is not entitled to a discharge of such debts.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs-Creditors respectfully request that this Court enter a judgment:

    a.    denying Nicholas Serafis a discharge with respect to the settlement sum owed to the Plaintiffs-Creditors;

    b.    awarding Plaintiffs-Creditors the attorneys' fees and costs incurred in prosecuting this action; and

    c.    such other and further relief as the Court deems just and proper.

Dated: New York, New York
       April 10, 2018

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Vivianna Morales
Lillian Marquez
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
marquez@pechmanlaw.com

*Attorneys for Plaintiffs-Creditors*