UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                            Chapter 7


NICHOLAS SERAFIS,                              Case No. 18-40120 (CEC)



                              Debtor.
--------------------------------------------------------X
VALENTE GARCIA, FRANKLYN PEREZ,
DELFINO TLACOPILCO, MIGUEL ROMERO
LARA, MIGUEL BOTELLO GONZAGA,
JESUS DELGADO, JUSTINO GARCIA,
LUIS MAGANA, and ALBERTO NIETO,                 Adv. Pro. No. 18-01044 (CEC)


                              Plaintiffs,


             -against-


NICHOLAS SERAFIS,


                              Defendant.
--------------------------------------------------------X


## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND SCHEDULING TRIAL


   *WHEREAS,* on January 10, 2018, the Debtor, Nicholas Serafis (the "Defendant"), filed a

voluntary petition under Chapter 7 of the Bankruptcy Code; and

   *WHEREAS,* Plaintiffs[1] commenced two actions, pre-petition, in the United States District

_____

[1] Valente Garcia, Franklyn Perez, Delfino Tlacopilco, Miguel Romero Lara, Miguel Botello
Gonzaga, Jesus Delgado, Justino Garcia, Luis Mangana, and Alberto Nieto are referenced herein
collectively as "Plaintiffs."
Valente Garcia, Franklyn Perez, Delfino Tlacopilco, Miguel Romero Lara, Miguel Botello Gonzaga,
Jesus Delgado, Justino Garcia, and Luis Mangana (the plaintiffs in this action save Alberto Nieto) are
referenced herein collectively as the "Garcia Plaintiffs."

Court for the Southern District of New York[2] (collectively, the "SDNY Actions"); and

*WHEREAS*, on April 10, 2018, the Plaintiffs commenced an adversary proceeding seeking a determination that the debts arising out of the SDNY Actions are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6); and

*WHEREAS*, on September 17, 2018, the Defendant filed a motion for summary judgment ("Defendant's Motion") (Adv. Proc. ECF No. 14), and, on September 21, 2018, the Plaintiffs filed a motion for summary judgment (Plaintiff's Motion") (Adv. Proc. ECF No. 15) (collectively the "Summary Judgment Motions"); and

*WHEREAS*, on December 4, 2018, a hearing was held on the Summary Judgment Motions (the "Hearing"); and

*WHEREAS*, the Court made the following findings at the Hearing:[3]

1. As found by the District Court, see Mem. and Order at 23–25, Garcia Action, ECF No. 66, and supported in the record on these Summary Judgment Motions, see Pls.' 56.1 Statement of Undisputed Facts ("Pl. 56.1 Statement"), ¶ 4, the Defendant was the Garcia Plaintiffs' employer, and liable to the Garcia Plaintiffs for violations pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") and New York Labor Law § 190, et seq. ("NYLL"); and

---

[2] Garcia v. Village Red Rest. Corp., 15 Civ. 06292 (S.D.N.Y.) (the "Garcia Action") and Nieto v. Village Red Rest. Corp., 17 Civ. 02037 (S.D.N.Y.) (the "Nieto Action"). The Garcia Action seeks recovery based upon Defendant's violation of "the FLSA's and NYLL's overtime, minimum wage, and tools-of-the-trade provisions," and, additionally, that the Defendant violated the NYLL by "fail[ing] to provide spread-of-hours pay, wage notices, and wage statements." Mem. and Order at 1, Garcia Action, ECF No. 66. Of note, the relief sought in the Nieto Action is limited to Defendant's alleged failure to pay overtime wages pursuant to the FLSA and NYLL, and violations of NYLL's wage notice and statement provisions. See Complaint, Nieto Action, ECF No. 1.

[3] The Court's factual findings made at the Hearing are limited to those provided herein.

2. As a result of the Defendant's violations, the Garcia Plaintiffs received less compensation than they were entitled under the FLSA and the NYLL, causing injury to the Garcia Plaintiffs. Compare Pl. 56.1 Statement ¶¶ 128–32, 155–56, 157–73, with Def.'s Resp. to Pl. 56.1 Statement ("Def.'s 56.1 Response"); and

3. Alberto Nieto ("Plaintiff Nieto") was employed as a dishwasher, deliveryman, and grill-man at the Waverly Restaurant. Compare Pl. 56.1 Statement ¶ 1, with Def.'s 56.1 Response; and Complaint at 10, Nieto Action, ECF No. 1, with Answer at 10, Nieto Action, ECF No. 22; and

WHEREAS, § 523(a)(6) provides that debts incurred "for willful and malicious injury by the debtor to another entity or the property of another entity" are not dischargeable. 11 U.S.C. § 523(a)(6); and

WHEREAS, § 523(a)(2)(A) excepts from discharge a debt that was for "money, property, [or] services…to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition ...." 11 U.S.C. § 523(a)(2)(A); and

WHEREAS, under § 523, the burden is on the plaintiff to demonstrate by a preponderance of the evidence that a debt should be excepted from discharge, see Grogan v. Garner, 498 U.S. 279, 286 (1991); and

**NOW, THEREFORE**, it is hereby

**ORDERED**, that the Defendant's Motion is denied in its entirety; and it is further

**ORDERED**, that the Plaintiff's Motion is granted in part, and denied in part, as follows:

1. With respect to the Garcia Plaintiffs, Plaintiff's Motion is granted solely as to Defendant's liability for the injuries caused to the Garcia Plaintiffs; and

3

2.   Plaintiff's Motion is denied in its entirety with respect to Plaintiff Nieto; and

it is further

**ORDERED**, that the parties shall file a joint pre-trial order in the form available on the

Court's website by **March 19, 2019**; and it is further

**ORDERED**, that the parties hereto shall appear for a trial in the above-captioned case

before the Honorable Carla E. Craig, in Courtroom 3529 at the United States Bankruptcy Court

for the Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York, 11201,

on **March 26, 2019 at 10:00 a.m.**; and it is further

**ORDERED**, that, with respect to Plaintiff's claim under § 523(a)(6), as it relates to the

Garcia Plaintiffs, the trial shall be limited to any and all evidence relevant to whether the

Plaintiffs' injuries were the result of willful and malicious conduct by the Defendant; and it is

further

**ORDERED,** that on or before **February 28, 2019**, Plaintiffs' counsel shall file and serve

a detailed breakdown regarding the amounts the Garcia Plaintiffs actually received as

compensation, compared to the amounts required under the FLSA and the NYLL; and it is

further

**ORDERED**, that on or before **March 4, 2019**, Plaintiff Nieto may file and serve his

testimony, by affidavit, with respect to the claims made against the Defendant in the <u>Nieto</u>

<u>Action</u>; and it is further

**ORDERED**, that the Court will not adjourn the trial or excuse the appearance by either

party or its counsel unless a stipulation of settlement resolving these matters in their entirety is

on file with the Clerk of the Court in Brooklyn, New York prior to March 26, 2018 at 10:00 a.m.

Failure to appear at trial may result in the Court imposing sanctions in the form of preclusion of

evidence or defenses, judgment by default, or other appropriate penalties.  The trial date set forth

in this Order shall not be extended or adjourned in the absence of good and sufficient cause

being demonstrated to the Court in advance thereof.



**Dated: Brooklyn, New York**
**December 10, 2018**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**